Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

Division

| | |
|---|---|
| Nicole Alston<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>Penn State Health Milton S. Hershey Medical Center<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.     The Parties to This Complaint**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nicole Alston |
| Street Address | 4701 Creekside Circle Apt. 302 |
| City and County | Owings Mills, Baltimore County |
| State and Zip Code | Maryland 21117 |
| Telephone Number | (201) 647-2926 |
| E-mail Address | nicole1depaz@gmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Penn State Milton S. Hershey Medical Center
- Job or Title *(if known)*:
- Street Address: 500 University Drive
- City and County: Hershey, Dauphin County
- State and Zip Code: Pennsylvania 17033
- Telephone Number: (800) 243-1455
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Penn State Milton Hershey Department of Human Resources |
| Street Address | 500 University Drive, Suite 1200 |
| City and County | Hershey, Dauphin County |
| State and Zip Code | Pennsylvania 17033 |
| Telephone Number | (800) 243-1455 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**III.     Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

Continuously from November of 2018 until I was terminated on January 18, 2019

C.   I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — Not only was I the only person of color in the department, I was denied promotions I earned despite having experience and qualifications comparable to those of my counterparts of another race.
- ☒ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

E. The facts of my case are as follows. Attach additional pages if needed.

I was hired on or about January 3, 2011 as an Information Associate with Defendant. In February of 2018, I pursued an education with the Institute of Health Sciences to begin a career in Neurophysiology. My curriculum required that I perform 16 clinical hours per week while working full time. In May of 2018, I was offered a job in the Neurophysiology Department with Defendant that required a four-to-six-month training period before promotion to Neurophysiology Technologist.

Originally, I was supposed to be trained a few days per week in the clinic with a woman who I knew as "Patty" until her retirement in October of 2018, at which point I would transition to the Epilepsy Monitoring Unit (EMU). Patty ultimately retired early. Marion Zakrzewski informed me that Patty's vacancy needed to be filled immediately and that Marion determined me to be competent enough to work in the EMU without supervision. My training was therefore cut short due to staffing issues. In September of 2018, I made a request to be promoted to the Neurophysiology Technologist position. Her response was to inform me that I had not received my 30, 60, or 90-day review that would have to be completed by my mentor, Marcia Hawthorne.

I met with Ms. Hawthorne to complete the review, the documentation for which was signed and dated by me and Ms. Hawthorne. That review was not submitted. Instead, Ms. Hawthorne submitted a review that was completed outside of my presence and was submitted without my signature. On or about November 1, 2018, I was informed my promotion was denied. I texted Ms. Zakrzewski and emailed her several times to discuss why I was not promoted and whether additional training was needed. After neglecting to respond to my requests to discuss the failure to promote me, Ms. Zakrzewski scheduled a meeting with my mentor, Marcia Hawthorne, and another colleague, Frank Baird. Ms. Zakrzewski told me during this meeting that I would not be promoted, that I needed to "win" over my co-workers, and that I was competent in all areas that would be evaluated for the promotion, but that I was not consistent. I was also told in this meeting that another co-worker who was also a Neurophysiology Trainee, was being promoted. This co-worker and I were similarly, apart from my status as a member of a protected class, yet this co-worker was not subjected to the treatment I received such as early termination of my training, working in the EMU without supervision while continuing to be titled and paid as a trainee.

I requested that I return to the Neurophysiology trainee program but was instead assigned remedial training one-on-one with Frank Baird. Mr. Baird was abrasive and neglectful, which took away from the usefulness of the training. I informed Ms. Carey Girvin in the HR Department of my concerns; however, my concerns were not addressed. Instead, I was harassed by Mr. Baird, humiliated, and chastised by Ms. Zakrzewski, and ignored by Ms. Girvin. These individuals were all acting in their respective capacities for employment by Defendant. As such, their actions should be imputed to the Defendant. Ms. Zakrzewski, specifically, was an agent of Defendant because she was employed as a supervisor and given authority to make employment-related decisions. Ms. Zakrzewski, as an agent of Defendant, made racially charged statements about me and in the presence of other colleagues. Ms. Zakrzewski intended for me to suffer adverse employment actions because she was determined to fire me. The performance review and PIP was a pretext for termination, her true motivation for my termination was racially motivated. As a result, I suffered economic loss because I had to borrow a student loan in the amount of $25,000 in pursuit of this Neurophysiology that I am unable to pay. I lost wages because I am not able to obtain comparable employment despite my best efforts. Additionally, I had to receive medical and psychological treatment to address my severe anxiety that directly resulted from the discrimination to which I was subjected by the Defendant.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

I was hired on or about January 3, 2011 as an Information Associate with Defendant. In February

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)*   1/18/2023   .

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff respectfully requests this Honorable Court to award damages that include the value of Plaintiff's 401k with the Defendant, lost wages, tuition reimbursement, and compensation for emotional distress.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff
Printed Name of Plaintiff

### B. For Attorneys

Date of signing: 4/17/2023

| | |
|---|---|
| Signature of Attorney | s/Gerald S. Robinson |
| Printed Name of Attorney | Gerald S. Robinson, Esq. |
| Bar Number | PA 27423 |
| Name of Law Firm | Robinson & Geraldo, P.C. |
| Street Address | P. O. Box 5320 |
| State and Zip Code | Harrisburg, Pennsylvania 17110 |
| Telephone Number | (717) 232-8525 |
| E-mail Address | grobinson@robinson-geraldo.com |